Defendant-appellant, Luckie E. Webb, appeals his conviction for burglary, an aggravated felony of the second degree. We affirm.
On Friday, October 13, 1995, at about 3:00 p.m., appellant was working, as he often did, in one of the two garages behind the house of Tom and Virginia Webb. Appellant had known Tom Webb for eighteen years and called him "Uncle Tom." The two shared an interest in car racing and went to the races together. Appellant and Tom Webb worked together on Tom Webb's race cars. Tom Webb also permitted appellant to use the garages to work on other people's cars. Appellant had keys to both garages and a key to Tom Webb's truck. Appellant did not have a key to the Webbs' home. The Webbs kept an extra key on a windowsill at the back of the house, but appellant did not have permission to use that key.
Every Friday evening, the Webbs went out to dinner. On October 13, 1995, they left their house shortly after appellant arrived at about 3:00 p.m. They surprised appellant by returning fifteen minutes later after Virginia Webb realized she had left something at home. Virginia Webb entered the house and then heard footsteps upstairs. She investigated the noise to find appellant crouched behind a china closet in an upstairs "junk room." Appellant told Mrs. Webb that he "thought someone was breaking in and he * * * was trying to hide."
At trial, appellant testified that he had come in the house to use the bathroom. He chose to use the upstairs bathroom instead of the first floor bathroom because he had diarrhea, and the upstairs bathroom had an exhaust fan. Tom Webb testified, however, that there was no fan in the upstairs bathroom. Mrs. Webb testified that she knew appellant had not used the bathroom because the toilet had not been flushed. She had put bleach in the toilets before she left, and it was still there when she found appellant.
After this encounter, the Webbs went out to dinner. When they returned, Mrs. Webb discovered that approximately $1,430 in cash was missing from a box she kept in an upstairs bedroom. Virginia Webb testified that she had seen the money in the box a few days before.
Appellant was indicted on a charge of burglary in violation of R.C. 2911.12(A)(1). Following a jury trial, he was convicted and sentenced. This appeal followed.
Appellant presents two assignments of error for review. In the first assignment, appellant states that the trial court erred to his prejudice by denying his motion to dismiss the indictment on speedy trial grounds.
Section 2945.71(C)(2) requires that a person charged with a felony "be brought to trial within two hundred seventy days after his arrest." The time within which an accused must be brought to trial may be extended by a "period of delay necessitated by the accused's lack of counsel," R.C. 2945.72(C), the "period of any continuance granted on the accused's own motion," and "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). In addition, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
Appellant was arrested on December 21, 1995 and held in the Fayette County Jail until December 29, 1995. The pretrial hearing, initially scheduled for February 6, 1996, was continued until March 8, 1996, to accommodate appellant's counsel. On March 5, 1996, appellant's counsel withdrew. New counsel was appointed on March 11, 1996, and the pretrial hearing was rescheduled for March 18, 1996. The trial was set for October 4, 1996. The trial was then postponed until October 16, 1996 when Virginia Webb, the state's primary witness, became ill.
Our calculations for speedy trial purposes are as follows: From December 21, 1995 until December 29, 1995, appellant is credited with twenty-four days (eight actual days times three). See R.C. 2945.71(E). From December 29, 1995 until February 6, 1996, appellant receives credit for thirty-nine actual days. The forty-one days from February 6, 1996 (pretrial hearing originally scheduled) until March 18, 1996 (pretrial hearing actually held) are charged against appellant since the delay was due to a motion for continuance filed by appellant and appellant's subsequent lack of counsel. See R.C. 2945.72(C) and (H). Appellant receives credit for the two hundred days from March 18, 1996 until October 4, 1996. The twelve days from October 4, 1996 (trial originally scheduled) until October 16, 1996 (trial actually held) are charged against appellant. The continuance granted to the state to accommodate Virginia Webb's illness was "reasonable." See R.C. 2945.72(H). Appellant was thus tried within two hundred sixty-three days (twenty-four plus thirty-nine plus two hundred). There was no violation of appellant's right to a speedy trial. Appellant's first assignment of error is overruled.
In the second assignment of error, appellant argues that the jury verdict convicting him of burglary is contrary to the manifest weight of the evidence. We disagree.
An appellate court's function in reviewing the weight of the evidence supporting a criminal conviction is to "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. In addition, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387.
R.C. 2911.12(A)(1) defines the offense of burglary and provides that "no person, by force, stealth, or deception, shall * * * trespass in an occupied structure * * * with purpose to commit therein any theft offense or any felony."
When Virginia Webb returned to her home in the late afternoon of October 13, 1995, she found appellant hiding behind a cupboard in an upstairs bedroom. Appellant entered the house when he knew the Webbs were not home by using a key the Webbs kept on a windowsill. Appellant did not have permission to be in the Webb home when the Webbs were not there. Appellant did not have his own key to the house, nor did he have permission to enter the house using the spare key. Appellant's stated reasons for being in the house at all, and upstairs in particular, were in direct conflict with the Webbs' testimony. Appellant claimed he was in the house to use the toilet, and that he went upstairs because there was an exhaust fan there. The evidence showed, however, that appellant had not used the bathroom, and that there was no exhaust fan upstairs. Finally, shortly after Virginia Webb found appellant hiding in her house, she discovered $1,430 in cash missing from a nearby room.
From these facts, we find that a jury could conclude that appellant trespassed in the Webb's home using "stealth, or deception" with the "purpose of committing a theft offense or a felony." See R.C. 2911.129 (A)(1). There is ample evidence to support appellant's conviction. The second assignment of error is overruled. The judgment is affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[EDITORS' NOTE: THE MARKER FOR FOOTNOTE 1 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE THE MARKER IS NOT DISPLAYED IN THE ONLINE VERSION.]
R.C. 2911.12 (B)(1) states that as used in R.C. 2911.112, "occupied structure" has the same meaning as in R.C. 2909.01. R.C. 2909.01 (C) defines "occupied structure" and provides that:
 "Occupied structure" means any house, building * * * or any portion thereof, to which any of the following applies:
 (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
[EDITORS' NOTE: THE MARKER FOR FOOTNOTE 2 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE THE MARKER IS NOT DISPLAYED IN THE ONLINE VERSION.]